principal markets and in the ordinary course of trade in France at 42.75 French fcs. per dozen, less 3 per centum and 2 per centum, packed, for size #9, and at 45.60 French fcs. per dozen, less 3 per centum and 2 per centum, packed, for size #9½.

4. That these wool berets are also freely offered for sale and sold for exportation to the United States in usual wholesale quantities of 3,000 dozen in the principal markets of France and in the ordinary course of trade, at 35 French fcs. per dozen, plus packing, as invoiced.

Under the Antidumping Act of 1921, we find as facts:

5. That as to wool berets, size #9:

> The unit foreign market value on date
> of purchase (Sec. 205) was_____ 40.6382 Fr. Fcs.
> Net per doz. pkd.

> The unit purchase price (Sec. 203) was__ 38.20 Fr. Fcs.
> Net per doz. pkd.

> The unit foreign market value on date
> of exportation (Sec. 205) was_____ 40.6382 Fr. Fcs.
> Net per doz. pkd.

That as to wool berets, size #9½:

> The unit foreign market value on date
> of purchase (Sec. 205) was_____ 43.3474 Fr. Fcs.
> Net per doz. pkd.

> The unit purchase price (Sec. 203) was__ 38.20 Fr. Fcs.
> Net per doz. pkd.

> The unit foreign market value on date
> of exportation (Sec. 205) was_____ 43.3474 Fr. Fcs.
> Net per doz. pkd.

We conclude as matter of law:

That the proper dutiable value of the wool berets in question is the foreign value, under section 402 (c) of the Tariff Act of 1930, as set out in finding of fact #3 above.

That the proper value of the berets under the Antidumping Act of 1921, is as set out in finding of fact #5 above.

The judgment of the trial court is accordingly affirmed. Judgment will be rendered accordingly.

FRANK P. DOW & CO., INC., A/C AMERICAN IMPORT CO. v. UNITED STATES

No. 7639.—Invoice dated London, England, March 17, 1941.
Entered at Seattle, Wash., May 10, 1941.
Entry No. 3496.

(Decided December 22, 1948)

*Philip Stein* for the plaintiff.

*David N. Edelstein*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

PERRYMAN, MOJONIER CO. *v.* UNITED STATES

**No. 7640.**—Invoice dated London, England, May 22, 1946.
Certified May 27, 1946.
Entered at Los Angeles, Calif., July 26, 1946.
Entry No. 5095.

(Decided December 28, 1948)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* of counsel) for the plaintiff.

*David N. Edelstein*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

BOURJOIS, INC. *v.* UNITED STATES

**No. 7641.**—Invoice dated Bombay, India, June 1944.
Certified June 1944.
Entered at New York, N. Y., October 3, 1944.
Entry No. 708001.